Howard *vs.* Worrill *et al.*

A. B. HOWARD, plaintiff in error, *vs.* E. H. WORRILL *et al.*, defendants in error.

Where, in a controversy before the Court of Ordinary as to who should be appointed administrator, the Court appointed H., who was an heir-at-law, and he failed to give security, after time granted him for that purpose, after which, as between W. and F., both claiming on the ground of being principal creditors, the Ordinary appointed F., and W. appealed to the Superior Court, and, at the Court, H. claimed the right to the administration, and the Court held that he was estopped by the proceedings before the Ordinary appointing him, and his failure to give the security:

*Held, first,* That the appeal from the Court of Ordinary brings up the whole record, and all the parties cited to appear in the Court of Ordinary are parties to such appeal; but the issue before the jury is on the judgment of the Court, and such parties may unite with the appellant upon the trial of such issue, or may submit their own claims with his, as having precedence and right, in law, to such administration, and are not confined on the appeal to assert the rights of either contestants, but on the appeal, which is in the nature of a *de novo* investigation, may submit their superior claim or claims.

*Held, again,* Under the facts of this case, H. had no right to participate in striking the jury; the appellant and the party contestant appointed by the Ordinary were the parties before the Court, whose rights in se

lecting a jury were incident to such appointment and appeal; and inasmuch as there were no other parties before the Court, and H. had already been heard in the Court of Ordinary, and failed, from inability, to avail himself of the judgment in his favor, and such judgment was, by a Court of competent jurisdiction, and not appealed from by others, it was not error in the Court to refuse to submit his claims for administration; for that question had been decided, and he was estopped by the decision and his failure to conform to it.

Appeals. Administration. Before Judge BIGBY. Meriwether Superior Court. August Term, 1871.

(WARNER, J. being interested, did not preside in this cause. It is sufficiently reported in the opinion.)

B. H. BIGHAM, for plaintiff in error. Appeal brings up whole case: R. Code, sec. 3571. Superior Court sits as Ordinary: R. Code, secs. 2458, 361. Less strictness here than at common law: 17th Ga. R., 417; 18th, 471. Amendments: 4th Ga. R., 456; 13th, 174; 25th, 467; 26th, 398. Appeal by one party: 1st Kelly, 475. Howard's rights are not adjusted: 8th Ga. R., 335; 18th, 618.

E. H. WORRILL, by B. HILL; PARK & FREEMAN, for defendants.

LOCHRANE, C. J.

In this case, it appears, from the record, that a controversy arose, before the Court of Ordinary, between the parties hereto, as to who should be appointed administrator, *de bonis non*, on the estate of Catlett Campbell, deceased. Howard claimed as heir-at-law or distributee, and the others as principal creditors. The Ordinary appointed Howard, and he failed to give the security after time granted him for that purpose. The Court then appointed Freeman administrator, and Worrill, being dissatisfied, appealed, and the case came before the Superior Court upon the appeal. When the case was called in the Superior Court, the parties announced ready,

and Howard claimed the right to be heard as a party moving for the administration, as one of the heirs-at-law, etc. The Judge held, in effect, that he had no right to appear and claim the administration; that he was estopped by the action of the Court of Ordinary and his acquiescence in the judgment of the Ordinary, and in the contest between Worrill and Freeman, would not be heard on his claim for the administration. As the case of Worrill vs. Freeman is also before this Court, I shall confine myself to the issue strictly before us. (See next case.)

It is not disputed that Howard was an applicant for ad-administration, etc., before the Ordinary, and was appointed and failed to give security; that, on his failure, there were two contestants for the administration, both claiming the right of being principal creditors; that one succeeding, the judgment appointing *him*, was carried, by appeal, to the Superior Court by the other. What case was carried to the Superior Court by this appeal? As a primary proposition, we may say, (section 3571, Revised Code,) "An appeal to the Superior Court is a *de novo* investigation, and brings up the whole record from the Court below." And all parties cited to appear in the Court of Ordinary are, by operation of law, parties to such appeal. 25th Georgia, 467, gives, however, the widest latitude to parties. How and in what manner do they stand before the Court on such appeal? Is every distributee, heir and creditor parties to separate, distinct and individual issues? I think not; there is but one case before the Court, and that appears from the record of appeal. The issue the Superior Court is to try is the appeal from the judgment of the Ordinary. This goes to the jury, and the various parties carried up by the appeal may unite with the appellant, or may submit their own claims with his as having precedence to the letters of administration, and they are not confined, on the appeal, to assert the rights of either contestants, but may, as against the appointment of the Ordinary, submit their own superior claim or claims. This

we conceive to be the rule on such appeals. The citation for letters before the Ordinary makes all parties in interest parties to the proceedings, where the Ordinary appoints one and the case is appealed. Upon that appeal, all parties are carried up with the record before the Superior Court, and may submit, in the one issue to be tried by the jury, their claims; but the two parties contestant, who have a right to strike the jury, are the parties appealing, and the party appointed administrator, (except more appealed;) and the appellant is the party the Court must recognize as having the right to control his side of the case. And, under the facts, we do not think Howard had any right to interfere in striking the jury, nor had he any right, before the Court, which he asserted on the trial. His claim was to be appointed administrator. In our opinion, his appointment by the Ordinary and failure to give the bond was complete and binding on him, and, afterwards, he had no right to become an applicant for the letters before the Superior Court.

This would be allowing him to submit a question decided by a Court of competent jurisdiction in his favor, from which there had been no appeal by others, and of which he could not avail himself on account of his inability to give the required security. In such case, we cannot hold that the appeal by Worrill from the judgment of the Court of Ordinary appointing Freeman, was such an opening of the case *de novo* as embraced the rights of Howard to the administration to be submitted to the jury. The record that went up did not carry with it a question adjudicated by the Court of Ordinary, so far as Howard was concerned; and as no other party was before the Court claiming rights, and his had been adjudicated by the Ordinary, without any appeal, we think the Court below was right in refusing to him the right to submit his claim to the jury, on the facts in this case.

Judgment affirmed.